**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

**E.I. HOLLINGSWORTH & CO.,**

      **Plaintiff,**      **1:10-CV-840**
                 **(GLS/RFT)**

    **v.**

**ROBERTS TOWING & RECOVERY**
**SPECIALISTS,**

      **Defendant.**

_____

**APPEARANCES:**       **OF COUNSEL:**

**FOR THE PLAINTIFF:**

Rawle, Henderson Law Firm   JEFFERY A. SEGAL, ESQ.
14 Wall Street
27th Floor
New York, NY 10005

**FOR THE DEFENDANTS:**

Ecv Law Firm        ELENA C. VAIDA, ESQ.
61 Columbia Street
Suite 300
Albany, NY 12210

**Gary L. Sharpe**
**U.S. District Judge**

## DECISION AND ORDER

## I. Introduction

On July 9, 2010, E.I. Hollingsworth &Co., filed an Order to Show Cause seeking a preliminary injunction requiring Roberts Towing & Recovery Specialists[1] to release a tractor, trailer, cargo; and sought attorneys' fees.  In general, a district court may grant a preliminary injunction where the moving party establishes:

(1) that it is likely to suffer irreparable injury if the injunction is not granted, and (2) either

(a) a likelihood of success on the merits of its claim, or

(b) the existence of serious questions going to the merits of its claim and a balance of the hardships tipping decidedly in its favor.

*Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 -11 (2d Cir. 2005).  "Such relief...is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion. " *Id*.

---

[1] Roberts Towing has responded to the motion disputing, *inter alia*, the value of the tractor, trailer and/or cargo.  This issue is not properly before the court, based on the face of the complaint, the jurisdictional amount is satisfied.  Accordingly, should Roberts Towing further dispute this courts jurisdiction, a properly filed motion would be address in the future.

2

In this case, the court is satisfied that E.I. Hollingsworth has shown irreparable harm. *See* Pl. Memo. P. 4.  Accordingly, it is hereby ordered that E.I. Hollingsworth & Co. is to place the total amount of the invoice issued by Roberts Towing, representing the amount due and owning on a towing and storage invoice dated June 1, 2010, into E.I. Hollingsworth counsel's interest bearing attorney escrow account, not to be dissipated without further order of this court.  It is further ordered that Roberts Towing is to immediately release E.I. Hollingsworth's property, more particularly, tractor, trailer and cargo to E.I. Hollingsworth or its agent. **IT IS SO ORDERED**.

Albany, New York
July 22, 2010

United States District Court Judge